IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| MICHAEL W. BARTS,<br><br>Plaintiffs,<br><br>v.<br><br>MIMBRES MEMORIAL MEDICAL CENTER, COMMUNITY HEALTH SYSTEMS, STEVE WESTENHOFER, VALENTIN ANTOCI, MD, GREGORY NELSON, D.O., MOHAMED ASWAD, MD, SHAMA PRAVEEN, MD, JOHN LUNDY, MD, and HENRY BORRA, M.D.,<br><br>Defendants. | NO.:2-12-CV-00913-LAM-WPL |

## ORIGINAL ANSWER OF MIMBRES MEMORIAL MEDICAL CENTER, STEVE WESTENHOFER, MOHAMED ASWAD, MD, SHAMA PRAVEEN, MD AND JOHN LUNDY, MD

Defendants MIMBRES MEMORIAL MEDICAL CENTER, STEVE WESTENHOFER, MOHAMED ASWAD, MD, SHAMA PRAVEEN, MD, and JOHN LUNDY, MD, (collectively "Defendants") answer Plaintiff's COMPLAINT as follows:

1. Upon information and belief, Defendants admit the allegations in Paragraph 1.

2. Defendants admit the allegations in Paragraph 2.

3. Defendants admit the allegations in Paragraph 3.

4. Defendants deny the allegations in Paragraph 4.

5. Defendants admit the allegations in Paragraph 5.

6. Defendants admit the allegations in Paragraph 6.

7.  Defendants admit the allegations in Paragraph 7.

8.  Defendants admit that Defendant Aswad was a member of the Medical Executive Committee and Medical Staff at Mimbres Hospital and has been served but denies the remaining allegations.

9.  Defendants admit the allegations in Paragraph 9.

10. Defendants admit the allegations in Paragraph 10.

11. Defendants admit that Defendant Borra performed chart reviews for management purposes at Mimbres Hospital and desired to be a member of the Medical Staff at Mimbres but deny the remaining allegations.

12. Defendants admit the allegations in Paragraph 12.

13. Defendants admit the allegations in Paragraph 13.

14. Upon information and belief, Defendants admit the allegations in Paragraph 14.

15. Upon information and belief, Defendants deny the allegations in Paragraph 15.

16. Upon information and belief, Defendants deny the allegations in Paragraph 16.

17. Defendants have insufficient information or knowledge to admit or deny the allegations in Paragraph 17 and thus deny them.

18. Defendants admit the allegations in Paragraph 18.

19. Defendants admit that Mimbres Hospital is the only hospital in Deming, New Mexico and Luna County but denies the remaining allegations in Paragraph 19.

20. Defendants deny the allegations in Paragraph 20.

21. Defendants admit that Plaintiff and his wife moved to Deming, New Mexico upon his acceptance of employment with Mimbres Hospital. Defendants deny the remaining allegations

in Paragraph 21.

22. Upon information and belief, Defendants admit the allegations in Paragraph 22.

23. Defendants admit the allegations in Paragraph 23.

24. Defendants admit the allegations in Paragraph 24, except the allegation that Dr. Alosman left "shortly" after Plaintiff's arrival, which it denies.

25. Defendants denies the allegations in Paragraph 25.

26. Defendants deny the allegations in Paragraph 26.

27. Defendants deny the allegations in Paragraph 27.

28. Defendants deny the allegations in Paragraph 28.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants have insufficient information or knowledge to admit or deny whether Plaintiff questioned Dr. Antoci about "moderate sedation system" and thus deny those allegations. Defendants deny the remaining allegations in Paragraph 35.

36. Defendants have insufficient information or knowledge to admit or deny the allegations in Paragraph 36 and thus deny them.

37. Defendants have insufficient information or knowledge to admit or deny the allegations in Paragraph 37 and thus deny them.

38. Defendants have insufficient information or knowledge to admit or deny the allegations in Paragraph 36 and thus deny them.

39. Defendants admit that on June 30, 2011, Plaintiff was placed on three months probation so a focused professional practice evaluation could occur, following a review of patient charts, but deny the remaining allegations in Paragraph 39.

40. Defendants have insufficient information to admit or deny the allegations in Paragraph 40 and thus deny them.

41. Defendants admit that Defendant Borra participated in the review of patient charts of patients seen by Plaintiff. Defendants have insufficient information and knowledge to admit or deny the remaining allegations and thus deny them.

42. Defendants admit the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants admit that Defendant Westenhofer knew of Defendant Borra's license history and that he had desired to be on the Medical Staff at Mimbres Hospital. Defendants deny the remaining allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants admit that Defendant Westenhofer provided an Employment Agreement to Plaintiff but deny the remaining allegations in Paragraph 46.

47. Defendants admit that Exhibit D bears the signatures of Plaintiff and Defendant Westenhofer, dated September 7, 2011. Defendants deny the Agreement was effective to the extent that Paragraph 47 makes that claim or assumption.

48. Defendants admit that the term of Exhibit D was 36 months and that Article 10.1 (B)

of Exhibit D provides for immediate termination if Plaintiff's clinical privileges were suspended or terminated. Defendants deny the Agreement was effective to the extent that Paragraph 48 makes that claim or assumption.

49. Defendants admit that the MEC made a decision to recommend to the Board of Trustees a revocation of his clinical privileges, subject to the Medical Staff Bylaws and Plaintiff's right to appear before Credentials Committee prior to submission of the MEC's recommendation to the Board. Defendants deny that the recommendation was to revoke was submitted to the Board of Trustees.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants admit the allegations in Paragraph 53.

54. Defendants admit the allegations in Paragraph 54.

55. Defendants admit the allegations in Paragraph 55.

56. Defendants admit the allegations in Paragraph 56.

57. Defendants admit that the Fair Hearing Plan procedures for physicians are not applicable to allied health professionals, like Plaintiff, because they are not physicians. Defendants do not understand the allegations in the second sentence of Paragraph 57; to the extent that Plaintiff is claiming there was no external review of his clinical practice, Defendants admit that; however, Defendants deny any other or remaining allegations.

58. Defendants admit that Plaintiff was formally notified on September 15, 2011 that his employment was being terminated because anesthesia services were being contracted to Deming

Anesthesia Services, LLC, as reflected in Exhibit F. Defendants deny the remaining allegations in Paragraph 58.

59. Defendants deny that the Employment Agreement referenced in Paragraph 59 was effective and thus deny the allegations in Paragraph 59.

60. Defendants admit the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants have insufficient information or knowledge to admit or deny the allegations in Paragraph 63 and thus deny them.

64. Defendants have insufficient information or knowledge to admit or deny the allegations in Paragraph 64 and thus deny them.

65. Defendants deny the allegations in Paragraph 65.

66. Defendants deny the allegations in Paragraph 66.

67. Defendants deny the allegations in Paragraph 67.

68. Defendants deny the allegations in Paragraph 68.

69. Defendants deny the allegations in Paragraph 69.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants incorporate their previous responses as if fully set forth herein.

74. Defendants deny the allegations in Paragraph 74.

75. Defendants deny the allegations in Paragraph 75.

76. Defendants deny the allegations in Paragraph 76.

77. Defendants deny the allegations in Paragraph 77.

78. Defendants deny the allegations in Paragraph 78.

79. Defendants deny the allegations in Paragraph 79.

80. Defendants incorporate their previous responses as if fully set forth herein.

81. Defendants deny the allegations in Paragraph 81.

82. With respect to the allegations in Paragraph 82, Defendants deny there was an initial offer or Employment Agreement that required Plaintiff's continued employment for any specific term. Defendants further deny the remaining allegations in Paragraph 82.

82.a. With respect to "Paragraph 75" which appears between Paragraphs 82 and 83, Defendants admit that they did not disclose "information to CRNA Barts that members of the Medical Staff disliked certified registered nurse anesthetists, and the Medical Staff would conspire to ensure that CRNA Barts' [sic] did not furnish hindered services at Mimbres Hospital" because such information is untrue and thus would not have been disclosed.

83. Defendants deny the allegations in Paragraph 83.

84. Defendants deny the allegations in Paragraph 84.

85. Defendants deny the allegations in Paragraph 85.

86. Defendants incorporate their previous responses as if fully set forth herein.

87. Defendants deny the allegations in Paragraph 87.

88. Defendants deny the allegations in Paragraph 88.

89. Defendants deny the allegations in Paragraph 89.

90. Defendants deny the allegations in Paragraph 90.

91. Defendants deny the allegations in Paragraph 91.

92. Defendants deny the allegations in Paragraph 92.

93. Defendants deny the allegations in Paragraph 93.

94. Defendants deny the allegations in Paragraph 94.

95. Defendants incorporate their previous responses as if fully set forth herein.

96. Upon information and belief, Defendants admit the allegations in Paragraph 96.

97. Defendants admit the allegations in Paragraph 97.

98. The statement/allegations in Paragraph 98 is a conclusory statement of law that may be applicable in some circumstances but not in others. Defendants deny the allegations in Paragraph 98 as they relate to this case.

99. Defendants deny the allegations in Paragraph 99.

100. Defendants deny the allegations in Paragraph 100.

101. Defendants deny the allegations in Paragraph 101.

102. Defendants deny the allegations in Paragraph 102.

103. Defendants deny the allegations in Paragraph 103.

104. Defendants deny the allegations in Paragraph 104.

105. Defendants deny the allegations in Paragraph 105.

106. Defendants deny the allegations in Paragraph 106.

107. Defendants deny the allegations in Paragraph 107.

108. Defendants incorporate their previous responses as if fully set forth herein.

109. Defendants deny the allegations in Paragraph 109.

110. Defendants deny the allegations in Paragraph 110.

111. Defendants deny the allegations in Paragraph 111.

112. Defendants deny the allegations in Paragraph 112.

113. Defendants deny the allegations in Paragraph 113.

114. Defendants deny the allegations in Paragraph 114.

115. Defendants deny the allegations in Paragraph 115.

116. Defendants deny the allegations in Paragraph 116.

117. Defendants deny the allegations in Paragraph 117.

118. Defendants deny the allegations in Paragraph 118.

119. Defendants incorporate their previous responses as if fully set forth herein.

120. Defendants deny the allegations in Paragraph 120.

121. Defendants deny the allegations in Paragraph 121.

122. Defendants deny the allegations in Paragraph 122.

123. Defendants deny the allegations in Paragraph 123.

124. Defendants incorporate their previous responses as if fully set forth herein.

125. Defendants deny the allegations in Paragraph 125.

126. Defendants deny the allegations in Paragraph 126.

127. Defendants deny the allegations in Paragraph 127.

128. Defendants deny the allegations in Paragraph 128.

129. Defendants deny the allegations in Paragraph 129.

130. Defendants deny the allegations in Paragraph 130.

131. Defendants incorporate their previous responses as if fully set forth herein.

132. Defendants deny the allegations in Paragraph 132.

133. Defendants deny the allegations in Paragraph 133.

134. Defendants deny the allegations in Paragraph 134.

135. Defendants deny the allegations in Paragraph 135.

136. Defendants incorporate their previous responses as if fully set forth herein.

137. Defendants deny the allegations in Paragraph 137.

138. Defendants deny the allegations in Paragraph 138.

139. Defendants deny the allegations in Paragraph 139.

140. Defendants deny the allegations in Paragraph 140.

141. Defendants deny the allegations in Paragraph 141.

142. Defendants deny the allegations in Paragraph 142.

143. Defendants deny the allegations in Paragraph 143.

144. Defendants deny the allegations in Paragraph 144.

145. Defendants deny the allegations in Paragraph 145.

146. Defendants deny the allegations in Paragraph 146.

147. Defendants deny the allegations in Paragraph 147.

148. Defendants deny the allegations in Paragraph 148.

149. Defendants deny the allegations in Paragraph 149.

150. Defendants deny the allegations in Paragraph 150.

151. Defendants incorporate their previous responses as if fully set forth herein.

152. Defendants deny the allegations in Paragraph 152.

153. Defendants deny the allegations in Paragraph 153.

154. Defendants deny the allegations in Paragraph 154.

155. Defendants deny the allegations in Paragraph 155.

156. Defendants deny the allegations in Paragraph 156.

157. Defendants deny the allegations in Paragraph 157.

158. Defendants deny the allegations in Paragraph 158.

159. Defendants deny the allegations in Paragraph 159.

160. All allegations not specifically admitted are denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

161. Plaintiff's Complaint fails to state claims upon which relief can be granted.

162. Plaintiff has failed to mitigate his damages.

163. For any alleged negligence alleged against Defendants, Plaintiff's comparative fault caused the damages sought in this action and, as a result, the damages should be diminished in proportion to the amount of fault attributed to him.

164. Plaintiff's claims are barred by the parol evidence rule.

165. Plaintiff's claims are barred by the statute of frauds.

166. Plaintiff's claims are barred by the express terms of his offer letter.

167. Plaintiff has failed to exhaust his administrative remedies.

168. Plaintiff's defamation claim is barred because any alleged statements attributed to Defendants were substantially true.

169. Plaintiff's defamation claim is barred because the alleged statements attributed to Defendants are completely or qualifiedly privileged.

170. Any alleged statements made by Defendants about Plaintiff were made without knowledge that they were false and/or without reckless indifference on the part of Defendants as to

the truth or falsity of such statements.

171. Plaintiff's claims are barred, in whole or part, by applicable limitations.

172. Plaintiff is not within the class of persons entitled to recovery under federal or state anti-trust law.

173. Plaintiff's trade as alleged is not a commodity or article of commerce entitled to protection by federal or state anti-trust law.

174. Defendant Mimbres Hospital is an exempt entity under federal or state anti-trust laws and the individual Defendants are not covered.

175. Defendants deny that there is monopoly power in the market as defined.

176. Defendants deny that harm has occurred to any patient, potential patient, consumer or potential consumer and deny that harm is likely to occur.

177. Defendants aver that Mimbres Hospital provides a superior product and/or service and that there has been no restraint of trade and/or anti-competitive act or omission.

178. Defendants aver that Mimbres Hospital is an entity operating under state and federally mandated regulatory procedures in a manner permitted by law.

179. Defendants deny that Plaintiff has been denied a livelihood due to the actions of Defendants.

180. Defendants are immune from suit under federal and state health care and quality improvement laws.

181. Defendants reserve the right to amend their answer as the Court allows.

Accordingly, Defendants pray that Plaintiff's Complaint be dismissed with prejudice, that Defendants receive the judgment of the Court, that Defendants be awarded all fees and costs to

which the are entitled under the law, and that Defendants receive all other relief available to them.

Respectfully submitted,

KEMP SMITH LLP
P.O. Box 2800
El Paso, Texas 79999-2800
915.533.4424
915.546.5360 (FAX)


By: ___/s/ Clara B. Burns___
    CLARA B. BURNS
    JOSE A. HOWARD-GONZALEZ

Attorneys for Mimbres Memorial Medical Center, Steve Westenhofer, Mohamed Aswad, M.D., Shama Praveen, M.D., and John Lundy, M.D.

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

CaraLyn Banks
Sandenaw Law Firm, P.C.
2951 Roadrunner Parkway
Las Cruces, New Mexico 88011

William C. Madison
Attorney for CHS, Inc.
Madison & Mroz, P.A.
P.O. Box 25467
Albuquerque, New Mexico 87125


___/s/ Clara B. Burns___
CLARA B. BURNS